IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WALSH CONSTRUCTION CO. PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SURETY & INDEMNITY CO.,<br><br>Defendant. | CIV. NO. 12-1401 (SCC) |

**OPINION AND ORDER**

Walsh Construction Company Puerto Rico ("Walsh") filed this lawsuit over ten years ago to recover for the damages that it claims United Surety and Indemnity Company ("USIC") caused it by breaching their subcontractor performance bond. Docket No. 1. For almost seven years, this case has been stayed pending the resolution of parallel federal bankruptcy proceedings between Walsh and Insite, Corp. ("Insite")—the subcontractor whose performance USIC secured. Docket Nos. 178, 179. Because waiting for review of that case to conclude might take several more years and USIC has presented no clear hardship in being required to move forward, we lift the stay.

## I.

Walsh has moved to lift the stay that the Court imposed almost seven years ago. Docket No. 190. USIC opposes its motion. Docket No. 192. USIC also moves to strike Walsh's reply to its opposition because it did not seek leave to file it and filed it ten days—rather than seven—after USIC filed its opposition. Docket No. 194; D.P.R. Civ. R. 7(c) ("With prior leave of court and within seven (7) days of the service of any objection to a motion, the moving party may file a reply . . . ."). To be sure, our local rules require a party to seek leave to file a reply and to file one within seven days of being served with the opposition to its motion. D.P.R. Civ. R. 7(c). But a party has fourteen days to respond to a motion. D.P.R. Civ. R. 7(b). USIC styled its opposition as a motion in the CM/ECF system. Docket No. 192 ("MOTION to Stay *USIC's Opposition* re: 190 MOTION to lift stay . . . ."). And the docket text in USIC's filing states, "Responses due by 3/8/2022." *Id.* Walsh filed its reply on March 2, 2022. Docket No. 193. Since USIC's docket entry does not reflect any editing by the Court's

| WALSH CONSTR. CO. P.R. v. UNITED SURETY & INDEMNITY CO. | Page 3 |
|---|---|

administrative staff, it appears that USIC caused the deadline confusion by labeling its opposition as a motion to stay and leaving the fourteen-day response window in the docket text. We therefore deny USIC's motion to strike Walsh's reply.[1]

We turn to Walsh's motion to lift the stay and begin by recounting some background information. In 2010, the Department of Veteran Affairs awarded Walsh a contract. Walsh subcontracted with Insite and guaranteed this contract with a performance bond that USIC issued. Walsh contends that Insite breached their subcontract and that it sent USIC a notice of Insite's default to trigger USIC's obligations under the performance bond. USIC responded that Walsh must terminate its subcontract with Insite before it would be required to fulfill its performance bond obligations. But Insite filed for bankruptcy before Walsh could do so. Walsh later

---

1. In any event, Walsh's reply does not affect our analysis. Our resolution of Walsh's motion to lift the stay hinges on the stay's immoderate length and USIC's failure to argue a pressing need for it. Walsh raised both arguments in its motion. Docket No. 190, pgs. 16–17.

Walsh Constr. Co. P.R. v. United Surety & Indemnity Co.

Page 4

filed this lawsuit against USIC for breaching the performance bond. Shortly after, Insite filed an adversary proceeding against Walsh, contending that Walsh had violated the U.S. Bankruptcy Code's automatic stay provisions by withholding payments that belong to its bankruptcy estate. In 2015, after discovery concluded and the parties filed cross motions for summary judgment, the Court imposed a stay pending resolution of that adversary proceeding to avoid inconsistent judgments and conserve judicial resources. Docket No. 178.

In 2016, after the bankruptcy court held that Walsh did not violate the automatic stay and dismissed the adversary proceeding, Walsh moved to lift the stay. Docket No. 180. The Court denied its motion because it agreed with USIC that the bankruptcy court's judgment would not have preclusive effects until it is final. Docket No. 187. After the district court affirmed the bankruptcy court's dismissal of the adversary proceeding and entered judgment in Walsh's favor, the First Circuit vacated that judgment and remanded the case. *Insite Corp. v. Walsh Constr. Co. P.R.*, 906 F.3d 139, 150 (1st Cir. 2018).

The First Circuit determined that, although Walsh had not violated the automatic stay by withholding payments that belong to Insite's bankruptcy estate, Insite might have an equitable claim against Walsh to recover for work it performed after Walsh stopped paying it. *See id.* Back before the bankruptcy court, the judge held that Insite could not recover for the work it had performed under any equitable principles and dismissed the adversary proceeding again. Insite appealed that decision to the district court, which has not yet resolved it. Insite Corp. v. Walsh Constr. Co. P.R., 21-cv-01404-JAG. Walsh asks us again to lift the stay on the grounds that the stay's length is immoderate and USIC has never articulated any hardship in being required to move forward with this case. Docket No. 190.

Federal district courts have the inherent power to stay litigation "when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992). But there are limits to this power. There must be good cause to issue a stay, its duration

| WALSH CONSTR. CO. P.R. V. UNITED SURETY & INDEMNITY CO. | Page 6 |
|---|---|

must be reasonable, and a court must "ensure that competing equities are weighed and balanced." *Id.* And if there is danger that the stay will damage the other party, the party that desires the stay "must demonstrate a clear case of hardship" in being required to move forward. *Austin v. Unarco Indus.*, 705 F.2d 1, 5 (1st Cir. 1983); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.").

Even if the equities once weighed in favor of staying this case until review of the adversary proceeding concludes, they no longer do. First, the only good cause that USIC asserts for a stay is judicial economy. Docket No. 192, pg. 6; *see also* Docket No. 181, pg. 4. But the Court's and USIC's interests in waiting for a certain[2] resolution of issues that touch on this

---

2. We say certain resolution rather than final resolution because the bankruptcy court's judgment dismissing the adversary proceeding is already final in terms of its preclusive effects. *See In re Harrington*, 992 F.2d

| | |
|---|---:|
| WALSH CONSTR. CO. P.R. V. UNITED SURETY & INDEMNITY CO. | Page 7 |

case do not outweigh Walsh's interests. *Cf. Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings."). Walsh has already waited ten years (three of pretrial litigation and seven of the stay) to recover money that it may be entitled to. USIC is asking us to make Walsh wait what could be several more years. The district court is currently reviewing the bankruptcy court's decision to dismiss the adversary proceeding. If that court affirms the bankruptcy court, Insite appeals that decision (like it did last time), and the First Circuit affirms, then Walsh will likely

---

3, 6 n.3 (1st Cir. 1993) (noting that the finality determination in an adversary proceeding "closely resembles" the finality determination in an ordinary case); *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 n.2 (1st Cir. 1977) (stating "it is well settled that in the federal courts the pendency of an appeal does not destroy the res judicata effect of a judgment"). But waiting until review of that judgment concludes would ensure a certain resolution because if we rely on its preclusive effects now and a reviewing court undoes it, then our judgment relying on those effects would need to be undone too. *Kane v. Town of Harpswell*, 254 F.3d 325, 329 (1st Cir. 2001).

Walsh Constr. Co. P.R. v. United Surety & Indemnity Co.

Page 8

have to wait another couple years to pursue its claims here. But if the First Circuit vacates the judgment and remands (like it did last time), then Walsh might have to wait several more years. As to the second requirement, then, the potential duration of the stay that USCI seeks is not reasonable. A stay is "immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits." *Landis*, 299 U.S. at 257. Because this case might be stayed for several more years if we wait for review of the adversary proceeding to conclude, we cannot say that this stay will be spent within reasonable limits. If this stay is not already immoderately long, it will be after Walsh is forced to wait several more years in addition to the prior seven.

Finally, because there is danger that the stay will damage Walsh, USIC "must demonstrate a clear case of hardship" in being required to move forward. *Austin*, 705 F.2d at 5. The damage to Walsh is "the financial hardship of being forced to wait for an undefined but potentially lengthy period before receiving the money to which [it] may be

Walsh Constr. Co. P.R. v. United Surety & Indemnity Co.

Page 9

entitled." *Id.* USIC has not argued that it will experience any clear hardship. We lift this stay because it has already lasted seven years, has the potential to last many more, Walsh is being damaged by the delay, and USIC has not explained how it would endure a clear hardship if required to move forward.

## II.

In sum, the Court **GRANTS** Walsh's motion to lift the stay (Docket No. 190), **DENIES** USIC's motion to continue the stay (Docket No. 192), and **DENIES** USIC's motion to strike Walsh's reply (Docket No. 194). Because subsequent developments have affected the parties' arguments in their motions for summary judgment and those motions are now seven years old, we deny them without prejudice (Docket Nos. 142, 144). The parties may, of course, refile them. We will schedule a status conference to discuss new deadlines.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of July 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE